# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MELISSA O., )
)
        Plaintiff, )
)
vs. ) CASE NO. 18-CV-665-FHM
)
Andrew M. Saul,[1] Commissioner of )
Social Security, )
)
        Defendant. )

## OPINION AND ORDER

Plaintiff, Melissa O., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs*

---

[1] Effective June 17, 2019, Andrew M. Saul is the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff Melissa O.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Deirdre O. Dexter was held July 12, 2017. By decision dated September 21, 2017, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 2, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

v. *Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 43 years old on the alleged date of onset of disability and 46 on the date of the denial decision. Plaintiff has her high school education and past work experience includes fast food manager and short order cook. Plaintiff claims to have become disabled as of August 1, 2015 due to fibromyalgia, chronic pain, left knee, and depression. [R. 225].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to fibromyalgia and morbid obesity. The ALJ also found Plaintiff's mild degenerative changes in the left knee and her medically determinable mental impairment of depression are non-severe. [R. 17]. The ALJ determined that Plaintiff has the residual functional capacity to perform

2

sedentary exertional work in that she is able to lift, carry, push or pull up to five pounds frequently and ten pounds occasionally; able to sit up to six hours in an eight-hour workday; able to stand and/or walk up to two hours in an eight-hour workday; able to occasionally climb ramps or stairs, stoop or crouch. Plaintiff should never climb ladders, ropes or scaffolds, kneel, or crawl. [R. 19]. The ALJ determined that Plaintiff was unable to perform her past relevant work as a fast food manager or short order cook. [R. 24]. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 25]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to: 1) properly consider Ms. Mayes' opinion; 2) properly consider Plaintiff's allegations and 3) the RFC assessment is not supported by substantial evidence. [Dkt. 13, p. 4].

### **Analysis**

Opinion of Dorothy Mayes, A.R.N.P., C.N.P.

Plaintiff argues that the ALJ's reasoning for rejecting the opinion of Ms. Mayes is not apparent and not supported by the evidence. Plaintiff contends that although Ms. Mayes did not address some functional limitations such as lifting, the lack of an opinion on some areas of functional capacity does not render the areas that were discussed

invalid. Further, the ALJ did not consider the effect of Plaintiff's obesity. [Dkt. 13, p. 4-5].

Plaintiff's primary care provider Dorothy Mayes, ARNP-CNP treated Plaintiff for chronic pain, skeletal muscle tenderness, back pain, gastroesophageal reflux, fibromyalgia, and depressive disorder. In February 2015, Ms. Mayes assessed Plaintiff with right shoulder pain, polyarthralgia, and depression. In April 2015, Plaintiff stated her pain was a 10 on the pain scale. Physical examination revealed Plaintiff's weight was 223 pounds; gait was normal on both sides; full weight bearing with no assistive devices. In May 2017 Ms. Mayes completed a Medical Source Opinion of Residual Functional Capacity opining Plaintiff could sit for two to three hours and stand/walk less than two hours out of an eight-hour workday. Plaintiff's obesity was found to exacerbate her physical condition. Ms. Mayes noted findings that supported her assessment were antalgic gait, difficulty getting out of seated position, and tender points. [R. 23, 520]. In June 2015 Plaintiff again complained that her pain was at a level 10. Ms. Mayes noted that Plaintiff had generalized tenderness associated with fibromyalgia and a tender point exam was positive for 16 out of 18 tender points. [R. 518]. Ms. Mayes completed a Handicap Placard Application indicating Plaintiff was severely limited in her ability to walk due to an orthopedic condition although the condition would not affect her ability to safely operate a vehicle. [R. 436]. In July and August 2015 the tender point exams were positive for 18 out of 18 tender points. [R. 472, 519].

The ALJ gave Ms. Mayes' opinion little weight finding the severe limitation in her ability to walk was not consistent with the medical evidence. Further, Ms. Mayes failed

to address Plaintiff's ability to lift or carry and does not include other functional limitations that are relevant to disability determination. The ALJ also noted that the opinion was rendered by a nurse practitioner which is not an acceptable medical source. [R. 24].

According to SSR 06-3p, the social security regulations distinguish between "medical sources" and "other sources." 20 C.F.R. §§ 404.1527, 416.927. Information from "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function, therefore "other sources" must be evaluated. The following factors are ones to be considered in weighing opinions from those who are not defined in the regulations as "acceptable medical sources": how long the source has known and how frequently the source has seen the individual; consistency of the opinion with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the opinion is explained; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factors that tend to support or refute the opinion. SSR 06-03p, 2006 WL 2329939 at *4-5. The Ruling instructs that not every factor for weighing an opinion will apply in every case. Rather, the evaluation of an opinion will depend on the particular facts of the case and the case must be adjudicated on its merits based on a consideration of the probative value of the opinions and weighing of all the evidence in the case. *Id*. at *5.

The ALJ accurately and thoroughly summarized the medical evidence including the treatment provided by Ms. Mayes. The ALJ noted in November 2015 reviewing medical consultant James Metcalf, M.D., opined Plaintiff would be able to perform at the full light exertional level. In January 2016 medical consultant Ronald Painton, M.D. agreed with Dr. Metcalf. Because the ALJ found Plaintiff would be limited to sedentary exertional work, she gave the opinions of Drs. Metcalf and Painton little weight. [R. 23].

Contrary to Plaintiff's argument, the ALJ provided three reasons to discount Ms. Mayes' opinion. She is not an acceptable medical source; the limitations she listed are not consistent with the medical evidence; and the form she submitted was incomplete. [R. 24]. The ALJ's RFC finding was not arbitrary and after relying on multiple opinions, she determined that Plaintiff was capable of performing sedentary work with limitations. Clearly, the ALJ gave Plaintiff the benefit of the doubt by issuing a more favorable RFC assessment than was suggested by the DDS physicians. The ALJ's RFC assessment was more restrictive, thus more favorable to Plaintiff. The court finds that the ALJ's decision contains an adequate explanation of how she weighed the opinion of Ms. Mayes.

Plaintiff also argues that the ALJ did not sufficiently consider Plaintiff's obesity. [Dkt. 13, p. 5]. Plaintiff contends that other than finding that obesity was a severe impairment, the ALJ did not consider the effects Plaintiff's obesity would have. "[O]besity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC." *Fleetwood v. Barnhart,* 21 Fed. Appx. 736, 741-42

(10th Cir. 2007), *citing* Soc. Sec. Rul. 02-01p, 2002 WL 3486281, at *1, *5-*6, *7; *Baker v. Barnhart,* 84 Fed. Appx 10, 14 (10th Cir. 2003)(noting that the agency's ruling on Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). The ALJ specifically found obesity as one of Plaintiff's severe impairments. [R. 17]. Further, the ALJ stated that she, "gave particular consideration to the Plaintiff's physical impairments (see Listing Section 1.00, et seq., Musculoskeletal). [R. 19]. Listing 1.00Q states:

> Effects of obesity. Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00.

In addition to finding Plaintiff's obesity a severe impairment and stating she had considered the impact of obesity, the ALJ specifically mentioned Plaintiff's height and weight in the denial decision on five occasions. The ALJ noted that Plaintiff was four feet, eight inches tall and weighed 221 pounds; 230 pounds; 218.2 pounds with a body mass index (BMI) of 48.92; 223 pounds; and 245.5 pounds with BMI of 55.01. [R. 21-23]. It is clear that the ALJ considered Plaintiff's obesity. In assessing Plaintiff's RFC, the ALJ

7

imposed postural limitations and limited her to sedentary work. [R. 19]. The court finds no error in the ALJ's consideration of obesity.

### Plaintiff's Allegations

Plaintiff also argues that the ALJ did not properly consider her allegations. Plaintiff contends that the ALJ focused on Plaintiff's testimony that she had to lie down 85 to 90 percent of the day and failed to consider the problems she had with activities of daily living. [Dkt. 13, p. 6].

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted). The ALJ reduced Plaintiff's credibility because the objective evidence did not fully support her statements about the intensity, persistence, and limiting effects of her symptoms. Plaintiff testified that she could barely do anything and laid down 85 to 90 percent of the day. However, the ALJ noted record evidence indicated Plaintiff could perform simple household chores, drive, and she continued to work part-time until recently. [R. 20]. The ALJ also expressly noted there were several times in 2015 Plaintiff alleged that her pain level was at 10 out of 10 on the pain scale. However, during that period of time, Plaintiff's gait was normal on both sides, full weight bearing with no assistive devices. Further, prior to Plaintiff's consultative examination, she admitted that she did not take her pain

medication and if she had, she would have been in a lot less pain. The ALJ determined Plaintiff's examinations were not consistent with such a severe pain level. [R. 23].

The court finds that the ALJ performed an adequate credibility analysis. The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including Plaintiff's inconsistencies of her examinations and pain level, as well as statements about her activities. The ALJ thus properly linked his credibility finding to the record, therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

RFC Assessment

The ALJ found Plaintiff capable of performing sedentary work with some functional limitations. Plaintiff argues that out of all the aspects of the ALJ's RFC assessment, the finding that Plaintiff can sit for up to 6 hours is the least supported by substantial evidence. Further, the ALJ failed to cite any evidence directly supporting her decision. Plaintiff contends that her activities were not indicative of sustained sitting, and her complaints of pain while sitting were consistent throughout the administrative process.

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. See Social Security Ruling (*SSR*) 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Medical impairments and symptoms, such as pain, are not intrinsically exertional or nonexertional. Social Security Ruling (*SSR*) 96-8p. The effect upon the RFC depends on the nature of functional limitations or restrictions imposed. "An individual's symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect the individual's ability to do basic work activities...unless medical signs and laboratory findings show that there is a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptom(s) alleged. Nonexertional limitations, which includes mental limitations, must be expressed in terms of functional limitations or restrictions. The nonexertional impairments "must interfere with the ability to work." *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993).

The ALJ found Plaintiff's statements about intensity, persistence, and limiting effects of her symptoms were inconsistent with the objective medical evidence. [R. 20]. Plaintiff did not seek treatment for pain from a pain specialist or an acceptable medical source. Further, Drs. Metcalf and Painton both concurred that Plaintiff was capable of performing light exertional work which lends support the ALJ's RFC assessment for sedentary work. The ALJ properly focused on the functional consequences of Plaintiff's condition and her description of the doctors' findings are accurate. See e.g. *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not

establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250* (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Accordingly, the court sees no error in the ALJ's residual functional capacity determination.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 12th day of February, 2020.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE